✓ FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
CASE NO.:

JAN 2 2 2014

THOMAS G BRUTON
CLERK, U S DISTRICT COURT

| | |
|---|---|
| CHAZ EPPS, | **COMPLAINT** |
| Plaintiff, | |
| v. | **JURY TRIAL DEMANDED** |
| SCREENING REPORTS, INC., | 1:14-cv-00495 |
| Defendant. | Judge Matthew F. Kennelly |
| | Magistrate Judge Susan E. Cox |

Plaintiff, by and through his attorney, Abel L. Pierre, Esq., as and for his complaint against the Defendant SCREENING REPORTS INC. (hereinafter, "SRI"), alleges as follows:

## I.     PRELIMINARY STATEMENT

1. This is an action for actual, statutory and punitive damages, costs and attorneys fees based upon Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x ("FCRA").  Plaintiff brings this action because of inaccurate, prejudicial, misleading and unlawful background reports prepared by the Defendant and sold to landlords.  Defendant has adopted and maintained a policy and practice of knowingly, intentionally, recklessly and willfully reporting adverse public record information.  When consumers such as Plaintiff are denied an apartment lease due to Defendant's report they have the right to obtain free of charge a complete and accurate record of all information in their file with Defendant and to dispute and correct any inaccurate information.  Despite the glaring errors on its consumer reports, for consumers such as Plaintiff, Defendant deprives consumers of access to their files and their FCRA-mandated statutory

rights advising them how to correct inaccurate information. As a result, consumers who are entitled to receive copies of their credit files from Defendant pursuant to section 1681g of the FCRA are deprived of complete and proper disclosures, and are unable to adequately verify and/or dispute the information that Defendant is selling to landlords.

## II. JURISDICTION AND VENUE

2. The jurisdiction of this Court is conferred by 15 U.S.C § 1681p and 28 U.S.C §1367 *et seq.*

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(c)(2) as the Defendant is subject to the court's personal jurisdiction in this district.

## III. ALLEGATIONS AS TO PARTIES

4. Plaintiff Chaz Epps (hereinafter "Epps") is an adult individual residing in the State of New Jersey.

5. At all times relevant hereto, Plaintiff was a "consumer" as that term is defined by section 1681(c) of the FCRA.

6. Defendant Screening Reports, Inc. ("SRI") is a corporation with a corporate place of business at 220 Gerry Drive, Ste 100, Wood Dale, IL 60191.

7. Upon information and belief, SRI is a "consumer reporting agency," as defined in 15 U.S.C § 1681(f). Upon information and belief, SRI is regularly engaged in the business of assembling, evaluating, and disbursing public record information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C § 1681(d) to third parties.

8. Upon information and belief, SRI disburses such consumer reports to third parties under contract for monetary compensation.

## IV.     PRACTICES OF THE DEFENDANT

9. At all times pertinent hereto, Defendant was a consumer reporting agency ("CRA") as defined by section 1681(f) of the FCRA.

10. Among other things, the FCRA regulates the collection, maintenance, and disclosure of consumer reports by CRAs, including public record information.

11. Defendant investigates and reviews public record databases and assembles and/or maintains consumer files which contain public record information concerning, among other things, the alleged criminal record history of individual consumers.

12. From its files, Defendant sells consumer reports to potential landlords wishing to investigate the criminal record history, or lack thereof, of various tenant-applicants. According to Defendant's website, Defendant represents that its reports and services: "Avoid the risk of renting to potentially dangerous tenants and provide a crime-free environment quality renters look for. . . . Our criminal searches are supported by leading edge technology and unsurpassed customer service. . . . This ensures consistent decision making, improves Fair Housing compliance, and relieves your staff from having to interpret criminal reports and other subjective data." <u>See</u> http://www.screeningreports.com/service-criminal.cfm

13. When a CRA furnishes a consumer report for tenant-screening purposes and reports items of information on consumers which are matters of public record and are likely to have an adverse effect upon a consumer's ability to obtain housing, the CRA is required to maintain reasonable procedures designed to assure that whenever public record information that is likely to have an adverse effect on a consumer's ability to obtain

housing is reported, that information is accurate, complete and up-to-date. 15 U.S.C. § 1681e(b); see also 15 U.S.C. § 1681c.

14. The FCRA also provides that consumers, whether they are the victims of inaccurate information on their reports or not, have the right to request and obtain free of charge once every 12 months a complete copy of all information in their file with a CRA such as Defendant. 15 U.S.C. § 1681g(a)(1).

15. Defendant intentionally takes steps to lead consumers into believing that they cannot obtain a copy of their SRI report. For example, Defendant's website provides no address or toll-free telephone number that consumers may use to request their SRI report or to dispute any inaccuracies on their SRI report.

16. When consumers such as Plaintiff contact SRI directly, usually after adverse action is taken against them by a landlord, in order to find out where and how Defendant obtained inaccurate information about them and to request a copy of their file, or for any other reason, Defendant refuses, as a matter of policy and practice, to provide consumers with a complete and proper copy of their SRI file as required by the FCRA at 15 U.S.C. § 1681g(a)(1).

17. Moreover, and in violation of 15 U.S.C. § 1681g(c)(2), and contrary to the practice of other CRAs, Defendant intentionally, recklessly and as a matter of course fails to provide to consumers the summary of their rights under the FCRA as prepared by the Federal Trade Commission, thus further limiting a consumer's ability to correct any error reported by Defendant against him or her.

18. Further in violation of 15 U.S.C. § 1681g(c)(2), and contrary to the practice of other CRAs, Defendant intentionally, recklessly and as a matter of course fails to provide to

consumers a list of all federal agencies responsible for enforcing any provision of the FCRA, as well as the address and any appropriate telephone number of each such agency, in a form that will assist the consumer in selecting the appropriate agency.

19. Further in violation of 15 U.S.C. § 1681g(c)(2), and contrary to the practice of other CRAs, Defendant intentionally, recklessly and as a matter of course fails to provide to consumers a statement that the consumer may have additional rights under state law, and that the consumer may wish to contact a state or local consumer protection agency or a state attorney general (or the equivalent thereof) to learn of those rights.

20. Further in violation of 15 U.S.C. § 1681g(c)(2), and contrary to the practice of other CRAs, Defendant intentionally, recklessly and as a matter of course fails to provide to consumers a statement that a consumer reporting agency is not required to remove accurate derogatory information from the file of a consumer, unless the information is outdated under section 1681c of this title or cannot be verified.

21. By depriving consumers of these statutorily-mandated rights, Defendant seeks to save printing costs associated with making the FCRA-mandated disclosures available to consumers, and, more importantly, the administrative and compliance costs that are associated with correcting errors on credit reports.

22. Defendant's practice not only violates the FCRA as a matter of law, it exacts serious consequences on consumer tenant-applicants and interstate commerce. When consumers such as Plaintiff, who have no criminal history, have been reported as having criminal records they are viewed as less desirable tenant-applicants and more likely not to be approved for housing by the landlords who pay Defendant for such reports.

23. Further, such consumers are prejudiced in their ability to adequately determine whether the information is being properly reported. Pursuant to Defendant's practice, by the time the consumer is made aware of the reporting of outdated adverse information, it is too late to correct the contents of the report because it has already been sold to the landlord by the Defendant and has formed the basis of a decision whether to provide housing to the applicant.

## V. FACTUAL ALLEGATIONS

24. Plaintiff is a United States Armed Forces veteran who served on active duty in Iraq sometime from 2006 to 2007.

25. While he was away on military duty, unbeknownst to Plaintiff, his brother Jerrod Epps, stole his identity and amassed an extensive criminal record.

26. During his many arrests, Jerrod Epps would not be in possession of identification and when he was asked to identify himself to the law enforcement authorities, he would identify his name as the Plaintiff, Chaz Epps.

27. When Plaintiff returned to the United States from military duty, he learned of his brother's activities. Plaintiff then set about to clear his name and eventually every and all charges against the Plaintiff was dismissed.

28. Plaintiff does not have a criminal history of any kind. Further, even though he is related to this individual, they possess different birthdates, addresses and social security numbers.

29. In or around April 2013, Plaintiff applied for an apartment with Kamson Corporation ("Kamson") and received a "move in" date from the landlord.

30. In connection with Plaintiff's application, Kamson ordered a background consumer report from Defendant.

31. Defendant assembled, prepared and sold to Kamson a background check consumer report on Plaintiff sometime thereafter.

32. The report was not accurate, complete or up-to-date. The report improperly disclosed the Plaintiff having 6 misdemeanors and 10 felonies on his record.

33. Plaintiff was denied the apartment from Kamson due to Defendant's false "criminal records match."

34. Plaintiff was told to contact the Defendant by Kamson. Plaintiff spoke to and was in contact with a manager of Defendant by the name of Latanya Spann.

35. Plaintiff forwarded to Ms. Spann via electronic mail, copies of his birth certificate, driver's license and other pertinent documents, verifying his identity.

36. Defendant, upon receipt of the documents, admitted that improperly disclosing the 6 misdemeanors and 10 felonies was in fact a mistake on their part and that they saw that Plaintiff's name was in fact an alias for Jerrod Epps.

37. On or about April 25, 2013, Plaintiff received a message from the Defendant advising him to stop replying to Ms. Spann and go directly to the Dispute Department.

38. Subsequently, Plaintiff followed up to the Defendant's Dispute Department, but to no avail.

39. To date, Defendant has failed to correct the inaccuracies and forward an accurate up-to-date report to the Plaintiff.

40. The practice of confusing the identities of individuals with the same or similar name is widespread in the credit reporting industry, but unlawful under the FCRA and Federal Trade Commission's regulations.

41. Consistent with its policies and practices, Defendant failed to provide to Plaintiff his SRI file and the information that he is entitled to under FCRA section 1681g or to process any dispute on his behalf.

42. Defendant's practices and procedures described herein affected not only the Plaintiff but also other applicants for housing who had inaccurate adverse information that was deliberately, knowingly and recklessly reported by Defendant to prospective tenants.

43. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

44. At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

## VI.    FIRST CLAIM FOR RELIEF AGAINST SRI

45. The Plaintiff realleges and incorporates the foregoing as if fully set out herein.

46. SRI willfully violated 15 U.S.C § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

47. As a result of this conduct, action and inaction of SRI, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, the mental and

emotional pain and anguish and the humiliation and embarrassment of being denied the opportunity to rent an apartment.

48. SRI's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C § 1681n.

49. The Plaintiff is entitled to recover costs and attorney's fees from SRI in an amount to be determined by the Court pursuant to 15 U.S.C § 1681n.

## VII.    SECOND CLAIM FOR RELIEF AGAINST SRI

50. The Plaintiff realleges and incorporates the foregoing above as if fully set out herein.

51. SRI willfully violated 15 U.S.C § 1681i on multiple occasions by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to Plaintiff's creditors and/or creditors' attorneys; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source it has reason to know is unreliable.

52. As a result of this conduct, action and inaction of SRI, the Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation and embarrassment of being denied the opportunity to rent an apartment.

53. SRI's conduct, action and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C § 1681n.

54. The Plaintiff is entitled to recover costs and attorney's fees from SRI in an amount to be determined by the Court pursuant to 15 U.S.C § 1681n.

## VIII. THIRD CLAIM FOR RELIEF AGAINST SRI

55. The Plaintiff realleges and incorporates the foregoing above as if fully set out herein.

56. SRI violated 15 U.S.C § 1681e(b) by negligently failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

57. As a result of this conduct, action and inaction of SRI, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from a credit, the mental and emotional pain and anguish and the humiliation and embarrassment of being denied the opportunity to rent an apartment.

58. SRI's conduct, action and inaction was negligent, entitling the Plaintiff to recover damages in an amount to be determined by the Court pursuant to 15 U.S.C § 1681o.

59. The Plaintiff is entitled to recover costs and attorney's fees from SRI in an amount to be determined by the Court pursuant to 15 U.S.C §1681o.

## IX. FOURTH CLAIM FOR RELIEF AGAINST SRI

60. The Plaintiff realleges and incorporates the foregoing above as if fully set out herein.

61. SRI violated 15 U.S.C § 1681i on multiple occasions by negligently failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to Plaintiff's creditors and/or creditors' attorneys; by failing to maintain reasonable procedures with which to filter and verify disputed information in

the Plaintiff's credit file; and by relying upon verification from a source it has reason to know is unreliable.

62. As a result of this conduct, action and inaction of SRI, the Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation and embarrassment of being denied the opportunity to rent an apartment.

63. SRI's conduct, action and inaction was negligent, rendering it liable for damages, in an amount to be determined by the Court pursuant to 15 U.S.C § 1681o. The Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C § 1681o.

## X.     FIFTH CLAIM FOR RELIEF AGAINST SRI

64. The Plaintiff realleges and incorporates the foregoing above as if fully set out herein.

65. SRI violated 15 U.S.C § 1681 g(a)(1) on multiple occasions by failing to disclose to consumer all information in their credit file.

66. As a result of this conduct, action and inaction of SRI, the Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation and embarrassment of being denied the opportunity to rent an apartment.

67. SRI's conduct, action and inaction was negligent, rendering it liable for damages, in an amount to be determined by the Court pursuant to 15 U.S.C § 1681o. The Plaintiff is entitled to recover costs and attorney's fees from SRI in an amount to be determined by the Court pursuant to 15 U.S.C § 1681o.

## XI.    SIXTH CLAIM FOR RELIEF AGAINST SRI

68. The Plaintiff realleges and incorporates the foregoing above as if fully set out herein.

69. SRI violated 15 U.S.C § 1681g(c)(2) on multiple occasions by failing to provide to Plaintiff the summary of his rights under the FCRA as prepared by the Federal Trade Commission; failing to provide to consumers a toll-free telephone number established by the agency, at which personnel are accessible to consumers during normal business hours; failing to provide to consumers a list of all federal agencies responsible for enforcing any provision of the FCRA, as well as the address and any appropriate phone number of each such agency, in a form that will assist the consumer in selecting the appropriate agency; failing to provide to Plaintiff a statement that he may have additional rights under state law, and that he may wish to contact a state or local consumer protection agency or a state attorney general (or the equivalent thereof) to learn of those rights; failing to provide to Plaintiff a statement that a consumer reporting agency is not required to remove accurate derogatory information from the file of a consumer, unless the information is outdated under 15 U.S.C. § 1681c or cannot be verified.

70. As a result of this conduct, action and inaction of SRI, the Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation and embarrassment of being denied the opportunity to rent an apartment.

71. SRI's conduct, action and inaction was negligent, rendering it liable for damages, in an amount to be determined by the Court pursuant to 15 U.S.C § 1681o. The Plaintiff is entitled to recover costs and attorney's fees from SRI in an amount to be determined by the Court pursuant to 15 U.S.C § 1681o.

## XII.    SEVENTH CLAIM FOR RELIEF AGAINST SRI

72. The Plaintiff realleges and incorporates the foregoing as if fully set out herein.

73. SRI willfully violated Title 56 by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

74. As a result of this conduct, action and inaction of SRI, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of being denied the opportunity to rent an apartment.

75. SRI's conduct, action and inaction, was willful and malicious, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to Title 56.

76. The Plaintiff is entitled to recover costs and attorney's fees from SRI in an amount to be determined by the Court pursuant to 56.

## XIII.    EIGHTH CLAIM FOR RELIEF AGAINST SRI

77. The Plaintiff realleges and incorporates the foregoing as if fully set out herein.

78. SRI willfully violated Title 56 by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

79. As a result of this conduct, action and inaction of SRI, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of being denied the opportunity to rent an apartment.

80. SRI's conduct, action and inaction, was grossly negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to Title 56.

81. The Plaintiff is entitled to recover costs and attorney's fees from SRI in an amount to be determined by the Court pursuant to Title 56.

## XIV.  NINTH CLAIM FOR RELIEF AGAINST SRI

82. The Plaintiff realleges and incorporates the foregoing as if fully set out herein.

83. SRI willfully violated Title 56 by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

84. As a result of this conduct, action and inaction of SRI, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of being denied the opportunity to rent an apartment.

85. SRI's conduct, action and inaction, was willful and malicious, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to Title 56.

86. The Plaintiff is entitled to recover costs and attorney's fees from SRI in an amount to be determined by the Court pursuant to Title 56.

## **PRAYER FOR RELIEF**

Plaintiff, Chaz Epps prays that this Court:

1. Declare that Defendant violated the FCRA;

2. Enter judgment in favor of Plaintiff Epps and against Defendant, for statutory, actual and punitive damages, costs, and reasonable attorneys' fees as provided by the FCRA;

3. Grant such further relief as deemed just.

## **JURY DEMAND**

Plaintiff, Chaz Epps, demands trial by jury.

Respectfully submitted,

**LAW OFFICE OF ABEL L. PIERRE,
ATTORNEY-AT-LAW, P.C.**

Dated: January 15, 2014

40 Exchange Place, Suite 2010
New York, New York
Telephone: (212) 766-3323
Facsimile: (212) 766-3322
abel@apierrelaw.com
**Attorney for Plaintiff**